Mr. Justice Wylie
delivered the opinion of the court.
The contract set forth in the bill of exceptions to pay the plaintiff' for his services as an attorney, was before the Supreme Court in the case of McPherson vs. Cox (6 Otto, 404), and that court decided that it was not void under the statute of frauds, because not in writing, for it might be performed within the year. And again, the latter case was reaffirmed in Walker vs. Johnson, in the same volume, 427. The fact that it may be executed within the year, saves it . from the operation of the statute. The court below held that it was manifest that its execution was postponed beyond that period, and in this respect the decision was wrong and exception well taken.
But a point is made and argued with ability by defendant’s counsel, that the hearing now before us is on a motion for a new trial, and it is to be heard precisely as if it were a motion on a case stated, and that therefore the new trial will not be granted, if upon the whole case the verdict was right, notwithstanding the ruling of the court might be wrong. This position is true generally on a motion for a new trial, *29 upon a case, because the court can then consider all the facts. But under our peculiar system, this rule will not apply to a bill of exceptions.
We have no writ of error ; we have a bill of exceptions, upon which a point of law is raised. We regard a motion made in this court, based upon a hill of exceptions, as equivalent to a writ of error itself, and therefore we look only at the matter of law it contains.
Now, the point argued by the defendant below is this : Here was a contract for paying Messrs. Carlisle & McPherson §5,000, in the event of their success, in a certain controversy between Mrs. Cox and Mr. Angus and Mr. Lewis. The amended declaration set forth that Mrs. Cox was successful in that controversy, and that her agreement was to pay the §5,000 out of the first money received from the sale of the property. But the contract proved, is that the fee was to be paid when the proceeds of the whole property were received.!- Now, this was different from the contract sued upon. But that point was not made in the court below, nor was any objection made to the proof, on the ground that it was at variance with the declaration. If the point had been made in the court below, the plaintiff would have had a right to ask for leave to amend his declaration. We will, therefore, not refuse him the benefit of a new trial, and an opportunity will be offered for an application to amend, should he be so advised.
The judgment is reversed, and a new trial directed.